FILED

2013 NOV 27 AM 9:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRE6, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW A. ROLAND, DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. EDCV 13-2111-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because it has been removed improperly.

    On November 18, 2013, defendant Andrew A. Roland, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

1 | diversity or federal-question jurisdiction, and therefore removal is improper. 28
2 | U.S.C. §1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563,
3 | 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship
4 | exists, the amount in controversy does not exceed the diversity-jurisdiction threshold
5 | of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer
6 | complaint recites that the amount in controversy does not exceed $10,000.

7 | Nor does plaintiff's unlawful detainer action raise any federal legal question.
8 | See 28 U.S.C. §§ 1331, 1441(b).

9 | Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
10 | Superior Court of California, Riverside County, 13800 Heacock Street, Moreno
11 | Valley, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C.
12 | § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and
13 | (3) that the Clerk serve copies of this Order on the parties.

14 | IT IS SO ORDERED.

17 | DATED: 11/27/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

2